UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGELA M. W.,[1]

                           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
_____

**DECISION AND ORDER**

6:21-cv-06002 (JJM)

        This is an action brought pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to review the final determination of the Commissioner of Social Security that plaintiff was not entitled to child's insurance benefits or supplemental security income ("SSI") benefits. Before the court are the parties' cross-motions for judgment on the pleadings [8, 9].[2] The parties have consented to my jurisdiction [11]. Having reviewed their submissions [8, 9, 10], plaintiff's motion is granted.

## BACKGROUND

        The parties' familiarity with the 989-page administrative record [7] is presumed. Further, the parties have comprehensively set forth in their papers plaintiff's treatment history and the relevant medical evidence. Accordingly, I refer only to those facts necessary to explain my decision.

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

After plaintiff's claims were initially denied ([7] at 15), an administrative hearing was held on March 9, 2020 before Administrative Law Judge ("ALJ") Kieran McCormack. *See* id. at 46-84 (transcript of hearing). The plaintiff, who was represented by counsel, and a vocational expert testified. Id. On April 2, 2020, ALJ McCormack issued a decision finding that plaintiff was not disabled. Id. at 15-34 (Decision). Following an unsuccessful request for review with the Appeals Council (id. at 1-4), plaintiff initiated this action.

### A. ALJ McCormack's RFC Determination

ALJ McCormack found that plaintiff's severe impairments were "lumbar disc protrusion, status post lumbar fusion and fusion revision surgery; migraine headaches; patellar chondromalacia of the left knee, status post left knee arthroscopy; obesity; anxiety disorder; major depressive disorder; and attention deficit hyperactivity disorder".[3] Id. at 18. He also determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with additional limitations that are not relevant to this analysis. Id. at 21.

To support his RFC findings concerning plaintiff's ability to perform sedentary work, ALJ McCormack considered opinions concerning plaintiff's functional limitations from two sources: 1) consultative examiner Harbinder Toor, M.D.; and 2) plaintiff's primary care physician, Christian Wightman, M.D. Id. at 30-32. ALJ McCormack found Dr. Toor's opinion "persuasive" and Dr. Wightman's opinion "unpersuasive".

Among other things, Dr. Toor opined that plaintiff had "moderate limitations . . . sitting . . . because of back pain". Id. at 523. In addition to his written report, he completed a

---

[3] Plaintiff does not challenge these findings.

Medical Source Statement in which he stated plaintiff could sit, stand, and walk for only 30 minutes "at one time without interruption", and could sit for only 4 hours in and 8-hour work day.  Id. at 525.

Plaintiff's primary argument is that ALJ McCormack failed to explain "how finding Plaintiff capable of performing the sitting requirements of sedentary work is consistent with Dr. Too[r]'s opinion that Plaintiff could only sit four hours out of an eight hour day, and for only 30 minutes [at] a time".  Plaintiff's Memorandum of Law [8-1] at 18.  I agree with plaintiff that ALJ McCormack failed to adequately explain his treatment of the opinion evidence, and that, consequently, the RFC is not supported by substantial evidence.

## ANALYSIS

**A.     Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error."  Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)).  Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion".  Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).  It is well settled that an adjudicator determining a claim for disability insurance benefits and/or SSI employs a five-step sequential process.  Shaw, 221 F.3d at 132; 20 C.F.R. §§ 404.1520, 416.920.  The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five.  See Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

B.     **ALJ McCormack Failed to Support the RFC with Substantial Evidence**

An ALJ's review of medical evidence in a claimant's file, for claims filed on or after March 27, 2017[4], is governed by 20 C.F.R. § 404.1520c, entitled "[h]ow we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017". Under this new regulation, "the Commissioner must consider all medical opinions and 'evaluate their persuasiveness' based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and 'other factors'". Andrew v. Commissioner, 2020 WL 5848776, *5 (N.D.N.Y. 2020) (*quoting* 20 C.F.R. § 404.1520c(a)-(c)).

An ALJ is "duty-bound to review all of the evidence before her, resolving inconsistencies, and make a disability determination that is consistent with the evidence as a whole". Rice v. Commissioner, 2020 WL 4283894, *4 (W.D.N.Y. 2020). Although ALJ McCormack was not required to accept Dr. Toor's opinion concerning plaintiff's ability to sit, he *was* required to support his determination with substantial evidence, that is, a sufficient explanation resting on "adequate findings supported by evidence having rational probative force". Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002) *see also* Healy o/b/o "TAH" v. Commissioner, 2020 WL 419358, *4 (W.D.N.Y. 2020) ("[t]his lack of specificity in addressing Robertson's extensive treatment prevents the Court from conducting a meaningful review of the ALJ's reasoning").

The ALJ is required "to construct an accurate and logical bridge between his recitation of the facts and the conclusions he reached". Lopez obo Y.T. v. Commissioner of Social Security, 2020 WL 4504987, *2 (W.D.N.Y. 2020). When an ALJ rejects an opinion from a medical source concerning plaintiff's functional abilities, he or she must explain why the

---

[4]     Plaintiff filed her claims on August 15, 2018. Administrative Record [7] at 15.

opinion was not adopted. *See* <u>Dioguardi v. Commissioner of Social Security</u>, 445 F.Supp.2d 288, 297 (W.D.N.Y. 2006) ("[u]nder the Commissioner's own rules, if the ALJ's 'RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.' Soc. Sec. Ruing 96-8p (1996)").

Here, the ALJ failed to include any logical explanation in his analysis to support his finding that plaintiff can "sit for 6 hours and stand/walk for 2 hours in an eight-hour workday" or to demonstrate why he rejected Dr. Toor's opinion that plaintiff was able to sit no more than four hours in an eight-hour work day. Administrative Record [7] at 23, 31. I agree with plaintiff that ALJ McCormack failed to properly support his findings concerning plaintiff's ability to sit. Plaintiff's Memorandum [8-1] at 17-19.

Both the Second Circuit and the Social Security Administration recognize that the ability to sit for long periods of time is a requirement for sedentary work. *See* <u>Ferraris v. Heckler</u>, 728 F.2d 582, 587 (2d Cir. 1984) ("the concept of sedentary work contemplates substantial sitting"); *see also* <u>Carroll v. Secretary of Health and Human Services</u>, 705 F.2d 638, 643 (2d Cir. 1983) ("[b]y its very nature 'sedentary' work requires a person to sit for long periods of time"); Social Security Ruling ("SSR") 96-9P, 1996 WL 374185, *6 (1996) ("[i]f an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded"). Accordingly, "[t]he ability to sit for prolonged periods is an essential inquiry in determining whether a claimant has the residual functional capacity to perform sedentary work." <u>Seignious v. Colvin</u>, 2016 WL 96219, *2 (W.D.N.Y. 2016).

ALJ McCormack found that plaintiff can "sit for 6 hours and stand/walk for 2 hours in an eight-hour workday". Administrative Record [7] at 23. In support, he summarizes the records of plaintiff's treatment, without pointing to any particular evidence that offers

support for his specific functional finding, or engaging in any analysis to demonstrate how any of the evidence summarized supports that finding.  *See* Administrative Record [7] at 23-28.  In addition, he states that plaintiff's "activities of daily living also support the conclusion that she, at most, is capable of work as outlined in the [RFC]."  Administrative Record [7] at 30.  To support this conclusion, he points to the following evidence:

> "In her adult function report dated in July 2012 as well as in the record and at her hearing, the claimant stated that she was able to handle some of her activities of daily living independently. Specifically the claimant stated that she was able to handle her personal care, dress herself, cleaning, do the laundry, prepare simple meals and grocery shop. In addition, the claimant also stated, to travel, that she is able to ride in a car. Lastly, the claimant stated that her hobbies and interests include reading, coloring by number, watching YouTube, fishing, camping and spending time with family".

Id. at 30 *citing* plaintiff's Function Report (id. at 227-237) and plaintiff's medical and education records (id. at 274-989).  Nowhere in her function report or in her testimony, however, does plaintiff state that she performs these activities while sitting down in three two-hour increments, for a total of six hours out of eight consecutive hours.  *See* Id. at 227-237, 57-75.  Further, ALJ McCormack cites to the entire body of medical and education records in the file to support his statement – over 700 pages.  He does not cite to any specific medical or educational record that demonstrates plaintiff is able to sit in three two-hour increments, for a total of six hours out of eight consecutive hours.

ALJ McCormack is not any more specific when he discusses Dr. Toor's opinion.  Although he acknowledged that Dr. Toor opined that plaintiff "could sit for four hours total, stand for four hours total and walk for four hours total in an eight hour workday", he does not specifically reject that statement.  Instead, he rejects those limitations only implicitly, without any explicit analysis:

> "However, the record as a whole also indicates that the symptoms
> from the claimant's severe physical impairments that causes these
> symptoms are stable and tolerable with prescribed treatment
> methods such as medication, injections and spinal cord stimulator
> placement.  Furthermore, as discussed above, the claimant's stated
> activities of daily living supports that the symptoms from her
> severe physical impairments are well controlled and tolerable
> through prescribed treatment methods in order for [her] to function
> daily to perform them."

Id. at 31.  However, this statement does not indicate whether or why he rejected Dr. Toor's opinion that plaintiff could sit for only four hours in an eight-hour work day.

Further, while ALJ McCormack does not include any specific citations to the evidence in support of this statement, his assertion that plaintiff's symptoms are "well controlled and tolerable through prescribed treatment methods" appears to mis-state (or at least to cherry-pick) evidence in the record.  The Commissioner points in his brief to several examples in the plaintiff's medical records that appear to lend support to this statement. *See* Commissioner's Brief [9-1] at 12-15.  Because the Commissioner did not label the pages of the Administrative Record with the administrative exhibit and page numbers, it is nearly impossible to determine to which pages of the record the ALJ cites in his Decision.  However, assuming that the Commissioner cites to the same evidence in his brief, the cited evidence does not support ALJ McCormack's conclusions when taken in context.

For example, the Commissioner argues that "[i]n March 2018", [plaintiff] complained of back pain again upon standing and walking, but she stated that it was 'relieved by sitting,' which is the primary function of sedentary work". Id. at 14, *citing* Administrative Record [7] at 346.  This citation refers to a March 19, 2018 treatment report signed by plaintiff's treating neurosurgeons, Kevin Foxx, M.D. and Paul K. Maurer, M.D.  Administrative Record [7]

at 346-47.  They state that plaintiff's "symptoms are far more severe when standing and ambulating and are relieved by sitting and lying recumbent".  Id. at 346 (emphasis added).

The Commissioner also argues that plaintiff's "conservative treatment was managing her symptoms" and that "she was not taking any pain medication, which further shows that her symptoms were stable".  Commissioner's Brief [9-1] at 14, citing Administrative Record [7] at 342, 750, and 752 (examples of conservative treatment) and 748, 805, and 813 (examples that plaintiff was not taking pain medication).  Examination of these records, however, show just the opposite.  Page 342 of the record is a letter from Dr. Maurer stating that plaintiff "won't need surgery but, of course, this does mean that there's no 'quick fix' for this inflammatory chronic low back pain".  Administrative Record [7] at 342.  Dr. Patel's May 9, 2019 treatment note at page 750 diagnoses plaintiff with "[f]ailed back syndrome of lumbar spine" and notes that plaintiff "did not find any relief with the diagnostic lumbar facet injection" and that she is "still having increased bilateral radicular low back pain".  The note recommends "purchasing a TENS unit" and, if the relief is "but temporary", states that he "will consider performing a spinal cord stimulator trial".  Id.  The November 9, 2018 treatment note at page 752 recommends physical therapy and lists plaintiff's medications.  Id. at 752.

The April, May, and June 2019 treatment notes from plaintiff's pain management specialist, Dr. Patel, show that plaintiff was not taking pain medications at the time, but that she had tried a number of pain medications, including "muscle relaxants, narcotics, [and] non-steroidal anti-inflammatories" and that "ibuprofen was upsetting [plaintiff's] stomach".  Id. at 748, 805, 813.  In addition, they document the failure of "lumbar facet injection" to relieve her pain (id. at 750) and the recommendation for a "spinal cord stimulator trial" (id. at 815).  Dr. Patel reported that plaintiff "has failed conservative and interventional treatments for more than

6 weeks". Id. at 814. Dr. Seth Zeidman, M.D.'s office, which completed plaintiff's spinal cord stimulator trial, noted that plaintiff "has failed conservative treatment in the format of PT, TENS unit, home exercises and injections". Id. at 970. It mischaracterizes the record, therefore, to claim that plaintiff not taking medication is evidence that her "symptoms were stable" or that plaintiff trying - and failing - all the conservative treatments suggested to her is evidence that "conservative treatment was managing her symptoms".

These mischaracterizations, coupled with the lack of specific citation to the record and illustrative analysis supporting ALJ McCormack's conclusions concerning the amount of time plaintiff is able to sit, leave me with no logical bridge to determine how and why he found plaintiff could sit for six hours in an eight-hour workday, despite the persuasive opinion of Dr. Toor, which state that plaintiff could sit for only four hours out of an eight-hour workday. See Lopez obo Y.T. v. Commissioner of Social Security, 2020 WL 4504987, *2 (W.D.N.Y. 2020). His RFC for sedentary work, therefore, is not supported by substantial evidence.

Remand is therefore necessary for the ALJ to properly address the opinion evidence discussed above. Accordingly, I do not reach plaintiff's remaining arguments. See Stack, 2020 WL 5494494, *6 ("[b]ecause the Court has determined that remand is warranted on this basis, it need not reach plaintiff's remaining arguments").

## CONCLUSION

For the reasons stated above, plaintiff's motion for judgment on the pleadings [8] is granted to the extent that this matter is remanded to the Commissioner for further proceedings consistent with this Decision and Order, and the Commissioner's motion for judgment on the pleadings [9] is denied.

**SO ORDERED**.

Dated: March 29, 2023

                                                  /s/    Jeremiah J. McCarthy
                                                  JEREMIAH J. MCCARTHY
                                                  United States Magistrate Judge